# James Scott and others plaintiffs in error *vs.* The United States defendant in error.

### *Error to Linn.*

A transcript from a justice of the peace showing a conviction of A. B. for an assault and battery is not admissible in bar of a prosecution on an indictment for a riot, altho' alledged to be the same breach of the peace for which the prisoner stands indicted with others for a riot. A riot is a distinct and different offence.

A riot cannot be justified to remove a trespasser, even if the rioters have a just right to the possession of the land trespassed upon.

To constitute a riot two or more persons should be actually engaged in some physical act of violence.

At the October term 1840, of the Linn District Court, Prior Scott, John Scott, James Scott, William Dunahoe, Hugh Martin, Joseph Caraway, Robert Osborn and Elijah Osborn were indicted for riotously

and unlawfully assembling and with force and arms assaulting and beating one James W. Willis.

James and John Scott, Caraway and Dunnahoe were tried and convicted. Pending the trial the defendants counsel offered to give in evidence to the jury, a transcript of a trial and judgment had before a justice of the peace, wherein James Scott was defendant and the United States plaintiff, by which it appeared that the defendant had been tried and fined in the sum of five dollars for an assault and battery. And also to prove that said fine was the same assault and battery for which he stood charged in the indictment for a riot. To which the counsel for the prosecution objected and the objection was sustained by the court. To which ruling the defendant excepted.

Defendants also offerred to prove that the defendants acted in defence of a possession of a "claim" made by one of the parties, and held under the act of the Legislature approved January 25, 1839, and that J. W. Willis, the person against whom the offence was committed, was a trespasser upon such claim, and refused to depart on being requested. Whereupon it was ruled by the court that actual pessession of the public lands of the United States *only* would warrant the defendants in undertaking to drive Willis and those with him, from the lands in dispute at the time (or so alleged to be) and as the fee simple to the land was in the government, constructive possession or possession by virtue of the act of the Territorial Legislature would not justify them. To which opinion and decision the defendants counsel excepted.

The defendants counsel moved the court to instruct the jury that the only unlawful acts of violence that the plaintiff could rely upon to convict the defendants, must be an assault or an assault and battery upon the person of James W. Willis, which charge the court gave but qualified the same by charging the jury that any act, word, wink or nod by which the defendants showed that they encouraged or approbated one of their number in making an actual assault or assault and battery upon said Willis, would make the actual violence of the one defendant actually committing it, the act of all who thus encouraged or approbated him. To which the defendants counsel excepted.

Assignment of errors.

1. The court below erred in refusing the testimony offerred by defendant below, James Scott, to prove that he had been convicted and fined for an assault and battery which assault and battery was the same offence for which he stood charged.

2. The court erred in overruling the testimony offered by defendant

below, proving that they acted in defence of a claim held by an act of the Territorial Legislature, approved January 25, 1839.

3. The court erred in the instructions given, as qualified in the second bill of exceptions, to wit: that every act, word, wink or nod, by which the defendants showed that they encouraged or approbated one of their number in making an assault or an assault and battery upon Willis, would make the actual violence of the one defendant actually committing it, the act of all who thus encouraged or approbated him.

J. C. HALL, for plaintiffs in error.

RALPH P. LOWE, District Prosecutor, for defendant in error.

PER CURIAM, MASON, CHIEF JUSTICE.—The plaintiffs in error were indicted in the court below for a riot: On the trial their counsel offered in evidence the transcript of a trial and judgment before a justice of the peace, wherein Scott was tried and fined for an assault and battery, and also offered to prove that such trial and fine was for the same offence for which he stands indicted for a riot. This testimony was rejected by the court. This is the first error assigned.

We think the evidence was properly rejected. No man shall be twice punished for the same offence, but here the second punishment sought to be inflicted is for a different offence. The greater includes the less, and the punishment for a riot would be a defence against a prosecution for an assault and battery, but not *vice versa*. If the rule sought to be established in this case be correct, then downright murder might often escape with the punishment for a mere assault and battery.

Another error assigned, is that the court charged the jury that actual possession of the public lands *only*, would warrant the defendants in undertaking to drive Willis from the lands alleged to have been in dispute, and as the fee simple to the lands was in the government constructive, possession, or possession by virtue of the act of the territorial legislature, would not justify them. So far as this instruction has any applicability to this case, it must be understood as deciding that under the circumstances, the defendants were not justified in using the violence they did in removing those whom they deemed intruders. This is doubtless the law, and we go much further in this respect than the court below has done. For even they would not have been justified in using this violence if they had been absolute owners of the soil.

But the exception chiefly relied on by the plaintiff in error, is to the charge of the court, "that any act, word, wink, or nod, by which the

defendants showed that they encouraged or approbated one of their number in making an actual assault, or assault and battery, upon said Willis, would make the actual violence of the one defendant committing it, the act of all who thus encouraged or approbated." If by this instruction we are to understand the court to decide, that where one person commits an assault and battery, and others stand by and encourage, without yielding physical aid, the offence becomes a riot under our statute, we think the court was in error. Our law defines a riot to consist in two or more persons *actually doing an unlawful act with force and violence* against the person or property of another, &c. The rule of construction in relation to penal statutes, which guards against inferential crimes, seems to require that two or more persons should be actually engaged in some physical act of violence, to constitute a riot under our statute.

But does the instruction of the court admit of such a construction?— The jury were charged that those who stood by and encouraged the commission of an offence, adopted that offence and made it their own, but it does not appear that they were charged that such adoption transformed an assault and battery into a riot. If Scott, therefore, was engaged with others in a riot, (for no evidence is set forth sufficient to enable us to judge whether he was or not,) those who encouraged and abetted became rioters, according to the decision in the District Court. If he was merely committing an assault and battery alone, they became guilty of the same crime as accomplices. This decision is correct.

It is true, we may with some plausibility infer from the instruction last mentioned, that the court intended to direct the jury to find the defendants guilty of a riot, if only one of their number committed the actual violence and the others stood by and encouraged; but such is not the necessary, nor even the natural inference. At all events we do not intend to make evidence, nor infer facts to strengthen the case of a plaintiff in error. He must make out his own case, and the language of his bill of exceptions will be taken most strongly against himself. The judgment below will therefore be affirmed.